IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT H. GRIFFIN, JR., | CV 14-00228-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DAN LINDER, ALAN BROOKS DANNY THOMPSON, ERIC MORISON, MARK ASKUIG, PAULA SULLIVAN, JARED LAKO, JUSTIN SMITH, and BRYCE MIDDLETON, | |
| Defendants. | |

Pending is Plaintiff Robert Griffin, Jr.'s Complaint. (Doc. 2.) Griffin

alleges Defendants violated his Fourth, Sixth, and Eighth Amendment rights under

the United States Constitution when they entered his home in the early morning

hours of September 2, 2014, handcuffed him, and took him to an abandoned

parking lot without a warrant.

Griffin is proceeding in forma pauperis so the Court must review his

Complaint under 28 U.S.C. §§ 1915, 1915A. Section 1915(e)(2)(B) requires the

Court to dismiss a complaint filed in forma pauperis before it is served upon the

defendants if it is frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from

such relief.

Griffin lists Eric Morrison, Mark Askig, Paula Sullivan, Jared Lako, Justin Smith, and Bryce Middleton as Defendants but makes no allegations against these individuals. (Complaint, Doc. 2.) As such, Griffin has failed to set forth a minimum factual and legal basis sufficient to give them fair notice of the allegations against them pursuant to Rule 8 of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, these Defendants should be dismissed without prejudice.

The Court has considered whether Griffin's Complaint as alleged against the Defendant Linder, Brooks, and Thompson is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Griffin has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). The Court concludes that dismissal is not appropriate at this time. Defendants Linder, Brooks, and Thompson must respond to the Complaint.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Linder,

Brooks, and Thompson to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

    2. The Clerk of Court shall forward the documents listed below to:

Dan Linder
Alan Brooks
Danny Thompson
c/o the Flathead County Sheriff's Department
920 South Main Street #100
Kalispell, MT 59901

Ed Corrigan
Flathead County Attorney
920 South Main Street, Suite 201
Kalispell, MT 59901

    \*     the Complaint (Doc. 2);

\*      the Supplement to the Complaint (Doc. 7);

\*      this Order;

\*      a Notice of Lawsuit & Request to Waive Service of Summons; and

\*      a Waiver of Service of Summons

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R. 12.2.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail

and the name and address of the person to whom the document was sent.  The

sender must sign the certificate of service.

5.  Griffin <u>shall not</u> make any motion for default until at least seventy (70)

days after the date of this Order.

6.  At all times during the pendency of this action, Griffin shall immediately

advise the Court and opposing counsel of any change of address and its effective

date.  Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Defendants Eric Morrison, Mark Askig, Paula Sullivan, Jared Lako, Justin

Smith, and Bryce Middleton should be DISMISSED WITHOUT PREJUDICE as

there are no allegations raised against them in the Complaint.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Griffin may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

timely file written objections may bar a de novo determination by the district judge

and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 5th day of February, 2015.


                                         /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:
Dan Linder                                              Ed Corrigan
Alan Brooks                                             Flathead County Attorney
Danny Thompson                                          920 South Main Street, Suite 201
c/o the Flathead County Sheriff's Department            Kalispell, MT  59901
920 South Main Street #100
Kalispell, MT  59901

A lawsuit has been commenced by a pro se plaintiff against you or someone you may represent.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-228-M-DLC-JCL. The Court has completed its pre-screening and concludes you must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

If you comply with this request and timely file the waiver, no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not waive service the Court will order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

 */s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

       The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  *Griffin v. Linder, et al.*, Civil Action No. CV-14-228-M-DLC-JCL filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint. Defendants agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

       The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  We understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


_____
DATE                            SIGNATURE

                                 _____
                                 PRINTED/TYPED NAME

                                 _____

                                 _____
                                 ADDRESS